IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

WILLIAM W. SCREWS,         )
         )
        Petitioner,     )
         )
v.         )    Case No. CIV-06-429-T
         )
JUSTIN JONES,[1]       )
         )
        Respondent.   )

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner has timely objected to the Report, which recommends denial of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  The Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks habeas relief based on claims of error in his state criminal case that were first raised in post-conviction proceedings.  Because state courts rejected his claims as procedurally barred, Judge Couch addresses only whether Petitioner can establish a legally sufficient excuse for his procedural default.  Judge Couch finds Petitioner has failed to demonstrate either cause for his default (because he raised no ineffective assistance claim in state court) or a claim of actual innocence, and thus concludes federal review is not available.

---

[1] *Justin Jones, Director of the Oklahoma Department of Corrections, was substituted as the proper respondent by Order of April 18, 2006 [Doc. 5].*

Petitioner's objection addresses only the question of ineffective appellate counsel.  Thus Petitioner has waived further review of all other issues addressed by Judge Couch.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Petitioner concedes "ineffective assistance of Appellate Counsel was not artfully presented in [his application for] Post Conviction Relief" but argues that such a claim was "implicit" in his other claims because it was "obviously the basis upon which Petitioner thought he could raise the new issues his Appellate Attorney refused to raise on Direct Appeal." (Objection at 1-2.)  The Court has carefully reviewed the record and finds no factual basis for Petitioner to allege that he adequately presented an independent claim of ineffective assistance of counsel to state courts. Accordingly, Petitioner cannot now rely on allegations of ineffective appellate counsel to excuse his procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *see also Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (ineffective assistance claim asserted as cause for procedural default must be presented to state courts in the manner required by state law).

Therefore, the Court adopts the Report and Recommendation [Doc. 17] in its entirety.  The Court finds all claims asserted in the Petition are procedurally barred from federal review, and thus the Petition [Doc. 1] must be denied.  Judgment will be entered accordingly.

IT IS SO ORDERED this 14th day of September, 2006.


RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

2